*733 OPINION.
James:
The taxpayer relies upon the Appeal of Hewitt Rubber Co., 1 B. T. A. 424, in its claim for invested capital on account of notes alleged to have been paid in as an assessment upon the common stock of the taxpayer and virtually in payment thereof. The facts in the Appeal of Hewitt Rubber Co., supra, were that Hewitt actually delivered his note for $1,000,000 for $1,000,000 par value of the stock of the company; that within a year the entire $1,000,000 was paid as the requirements of the corporation for funds dictated and that at all times Hewitt was fully able to meet an instant demand upon him for the entire amount of the notes. These facts were stressed in the opinion as indicating the complete bona fides of the transaction both from the standpoint of the actual payment in of property and from the standpoint of placing a real and valuable asset in the hands of the corporation for its use.
The testimony of L. C. Heller, offered as a witness on behalf of the taxpayer, presents-quite a different picture in this appeal. After direct and cross examination the following examination took place on the part of the Board:
Mr. Lansdon: AVas any use ever made of these notes? Did. you just take them in on this assessment and put them in your safe, or what did you do with them while they were in the possession of your company? You are setting up a claim here that they should he included in your invested capital. Invested capital is something that is used in the prosecution of the business.
The Witness : Yes, sir.
Mr. Dansdon : Were these notes used in any way?
The Witness : No, sir, they were not used, for the simple reason that at that time it was not necessary to discount them or make use of them until the due dates.
Mr. Lansdon : They never were paid; that is, no cash payments were ever made on them. When they fell due they were simply cancelled and the amount *734 of each note was charged then to the book account of the person who gave the note, as I understand it.
The Witness : Yes, sir.
Mr. Lansdon : Let me ask you a question. I want to know what these credits were charged against. You say they were charged against the personal accounts of the persons who had given the notes. They resulted at the end of the period in what kind of a balance as to these personal accounts? After the notes were cancelled and charged to the personal account, the .individual then owed on the personal account what he had theretofore owed on notes, did he?
The Witness : He had paid the interest.
Mr. Lansdon : I suppose he paid interest on the notes, and was he not charged interest on the personal account after the note was transferred to the personal account?
The Witness : Yes, sir.
Mr. Lansdon : The personal accounts have never been paid, they are still on the books, are they?
The Witness : The personal accounts are still on the books, yes, sir.
Considerable testimony was taken as to the financial standing of the parties who were the makers of the notes in question. The testimony so given only strengthens the general impression that the notes were not given in good faith in payment either of the stock or of an assessment constituting a paid-in surplus. The Board is not disposed to extend what it believes to be the sound rule indicated in the Appeal of Hewitt Rubber Co., supra, to cases generally involving indebtedness of stockholders to corporations on account of their stock. Only transactions clearly evidencing good faith may be so recognized.
AktjNdell not participating.